FILED
United States Court of Appeals
Tenth Circuit

November 5, 2018

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ANTHONY CHARLES MURPHY,

     Plaintiff - Appellant,

v.

JUDGE THOMAS WILLMORE, First
District Court for Cache Co. Utah;
SPENCER WALSH, Chief Prosecutor,
Office of the District Attorney, Logan,
Utah; BARBARA LOCHMAR, Assistant
District Attorney, Office of the District
Attorney, Logan, Utah; TRAVIS ALLEN,
Detective, Smithfield City Police
Department, Utah; FNU ZITTERKOFT,
Officer, Smithfield City Police
Department, Utah,

     Defendants - Appellees.

No. 18-4100
(D.C. No. 1:17-CV-00064-CW)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

_____

Plaintiff Anthony Charles Murphy, a Utah state prisoner appearing *pro se*,

filed a civil rights complaint pursuant to 42 U.S.C. § 1983 effectively challenging the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

validity of his arrest and subsequent criminal conviction in Utah state court. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Murphy now appeals from the order of dismissal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's order of dismissal and deny Murphy's motion for leave to proceed on appeal without prepayment of fees and costs.

I

Murphy, who is currently incarcerated in the Sanpete County Jail in Manti, Utah, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 naming as defendants the state court judge, the prosecutors, and two police officers who were involved in his arrest in 2009 and his subsequent prosecution and conviction in state court. Murphy alleged in his complaint that the defendants violated his constitutional rights during the course of his arrest and ensuing criminal trial. For instance, the complaint alleged that the state court judge violated Murphy's rights under the Confrontation Clause by refusing to allow him to ask certain questions of a witness. The complaint in turn, under the heading "INJURY," alleged that Murphy, "[d]ue to the actions of these defendants," had "lost [his] liberty, been subjected to public embarrassment, lost a job [he] truly loved, lost [his] friendly neighbors, [and] the place [he] called home." Dist. Ct. Docket No. 3 at 5. In the section of his complaint entitled "REQUEST FOR RELIEF," Murphy asked for the criminal charges against him to be "dismissed," "retrial barred due to [government] misconduct," and that he be awarded "all fees associated with filing and defending th[e] case." Id. at 6.

The district court reviewed the complaint before it was served on defendants and concluded that it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In its memorandum decision and order of dismissal, the district court first concluded that the state court judge named as a defendant in Murphy's complaint was entitled to absolute judicial immunity because he "was acting in his judicial capacity in presiding over th[e] [criminal] case" when the alleged constitutional violations occurred. Dist. Ct. Docket No. 16 at 2. The district court in turn concluded that the two prosecutors named in Murphy's complaint were "entitled to absolute prosecutorial immunity from th[e] lawsuit." Id. at 3. The district court also concluded that Murphy's claims amounted to an attack on the validity of his underlying state criminal conviction, and were thus subject to dismissal under Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). In addition, the district court concluded that Murphy's "requests to have his conviction invalidated and for release from incarceration [could] be properly raised only in a habeas corpus petition" filed pursuant to 28 U.S.C. § 2254. Dist. Ct. Docket No. 16 at 4. Lastly, the district court concluded that Murphy's "search and seizure claim [wa]s untimely" because "[t]he claim accrued on the date of the search, June 5, 2009," and the applicable "statute of limitations expired . . . on June 5, 2013," nearly four years before Murphy filed his complaint. Id.

3

Final judgment in the case was entered on June 4, 2018. Murphy filed a notice of appeal on June 25, 2018.[1]

## II

We review de novo the district court's order dismissing Murphy's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Section 1915(e)(2)(B) provides, in pertinent part, that in a civil action brought by a prisoner proceeding without prepayment of filing fees, a court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In considering the dismissal of a complaint pursuant to § 1915(e)(2)(B)(ii), "[w]e employ the same standard of review . . . that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." Kay, 500 F.3d at 1217. "In particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Id. at 1218

---

[1] On June 11, 2018, approximately two weeks before Murphy filed his notice of appeal, he filed motion to reconsider with the district court. The district court issued a one-page order denying the motion to reconsider on July 10, 2018, approximately two weeks after Murphy filed his notice of appeal. Murphy did not file a new notice of appeal or an amended notice of appeal following the district court's July 10, 2018 order. Although Murphy did file a motion on August 2, 2018, to proceed on appeal without prepayment of costs or fees, that motion did not meet the requirements of Fed. R. App. P. 3(c) to qualify as a notice of appeal. See generally Smith v. Barry, 502 U.S. 244, 245 (1992) ("hold[ing] that a document intended to serve as an appellate brief may qualify as the notice of appeal required by Rule 3."). Consequently, we do not have jurisdiction over the district court's July 10, 2018 order denying Murphy's motion to reconsider.

(quotation marks omitted).  Further, when dealing with a pro se complaint, we must construe the allegations in the complaint liberally.  Id.

Having carefully examined and liberally construed Murphy's pro se complaint, we agree with the district court that the complaint fails to state a claim upon which relief can be granted.  More specifically, we agree with the district court that: (1) the doctrines of judicial and prosecutorial immunity preclude Murphy's claims against the state court judge and prosecutors, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (discussing judicial immunity); Imbler v. Pachtman, 424 U.S. 409, 424 (1976) (discussing prosecutorial immunity); (2) the Supreme Court's decision in Heck prevents Murphy from challenging the validity of his state court conviction by way of a § 1983 action; and (3) Murphy's challenge to the validity of his arrest was untimely, see Garza v. Burnett, 672 F.3d 1217, 1219 (10th Cir. 1995) (applying Utah's four-year residual statute of limitations to claim brought under § 1983).

The judgment of the district court is therefore AFFIRMED.  Murphy's motion to reconsider appointment of counsel is denied as moot.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

5